† AMERICAN LAMP AND BRASS CO. v. BALDWIN.

1. CHANGING AN EXISTING CONTRACT.

Where a contract exists for personal services at a fixed salary for a term of years, and on account of hard times the employer makes a proposition to his employee requesting him to voluntarily reduce his salary, but which is not accepted; but a counter proposition is made by the employee, which was not accepted in terms. It is not error for the court to leave the question to the jury, whether, under all the circumstances there had been a new agreement made and acquiesced in by the parties.

HAYNES, J:

This action was brought upon a certain contract existing between the plaintiff below and the defendant for his services for a term of years. It appears from the testimony that plaintiff was employed as a salesman by the defendant, speaking of the parties below, at a salary of $2,000 a year, payable in weekly installments, and the arrangement continued until the 22d of August, 1893, when a proposition was made by the defendant below to the plaintiff to modify the contract. Without reading the letter, it proceeded to say that owing to the hard times they are not able to keep the plaintiff employed, and other companies are reducing expenses, and they find it necessary to reduce theirs; that the officers of the company have voluntarily reduced their salaries, and they ask him if he won't reduce his salary from the time of the date of the letter, or about the 1st of September, to the 1st of January following—a temporary reduction of twenty-five per cent—in order that they might be able to keep him employed. To that he replied that he had received the letter; that he fully realized the condition of affairs and the present depression of business; and stating that his personal expenses were as great as ever, yet at the same time he says, "I will make you the following proposition to avoid violating the contract at present existing between us; will allow you to draw upon me last of September, 1893, for $41.67, and each succeeding month until last of December, 1893, for same amount. This will amount to same as the reduction you ask for. Hoping this will be satisfactory, I remain, yours truly." They did not answer the letter, but at some time subsequently they commenced to send to the wife of the plaintiff an amount equal to the amount of the salary with the twenty-five per cent deduction, the letters stating that the amount is sent to apply on salary. Mr. Baldwin had requested the defendant to send his salary to his wife. They had been sending it, and August 10 sent a check for thirty-eight dollars and some cents in full for the salary for the month of July, but after this date they sent to her a statement saying they sent her a check for $28.85 to apply on salary. It nowheres appears that the plaintiff had any knowledge of that fact in any manner or form. In the first place they didn't send any money at all for some time, and then they sent it for a short time, and they didn't send enough to pay the whole salary at even $28 per week into about $100. There was a credit, however, as against that to be allowed, from a certain draft and a certain acceptance which would amount to about $80, leaving about $20 on that still unpaid.

The plaintiff in error objects that the jury returned a verdict for too much, having returned a verdict for the amount of his salary according

† Affirmed by Supreme Court; unreported 58 O. S, 724.

to the contract price; and second, that the court erred in submitting to the jury certain questions arising upon these letters and upon the action of the parties under them.

The plaintiff in error claimed that all of these letters and contracts amounted to a new agreement, and excepted to that part of the charge of the court which reads as follows:

" Now it is, as I say, not for me to say whether this was changed or not, but it will be for you to say. I may say only this—perhaps may properly say this—that you are not to look necessarily at any particular circumstance connected with it; you are not, to use a common expression, to " stick in the bark "—that is to say, to view the circumstances as meaning any more than they do mean when you look at them as business men in the common view of business men of business transactions. You are to look and determine, I say, as to whether the details of the transactions as stated in these letters are carried out—as you are to look at the intent and purpose of the parties and the circumstances under which they acted in connection with these letters, and you are to take all these circumstances into consideration for the purpose of determining in what light the parties understood the arrangements between them and how they acted upon them. If you find under these rules simply that there was this agreement made to change the amount of the salary which was to be received, of course you will in making up that amount after that time make it at the lower rate; if you do not find any such arrangement established between the parties, you will then regard the compensation as being at the old rate. This is all the instruction the court thinks you will need in passing upon the facts as they are revealed to you by the evidence."

We think the court were right in its opinion that there was no evidence before the jury to show that a new arrangement had been made or a new contract had been made. There was a proposition upon one side, but that was not accepted, but a counter proposition was made, and that was not accepted upon the other side. They proceeded to send a certain amount of money, not upon that contract, but to be applied upon the salary generally. We think the court might well have refused to, as it did, hold that a new contract was made, and we think that it might have rested there and let the case go. But the court did leave the question to the jury whether, under all the circumstances of the case, there had been an agreement made which had been acquiesced in and accepted by the parties; for that is what it amounts to, because, as I have said, there was no evidence to show that the plaintiff ever knew that this money had been advanced to his wife in any manner or form. The court went a great ways in favor of the defendant below in submitting this question to the jury. It does not lie in the mouth of the plaintiff in error to object to it as to the manner and form in which he did it.

Without discussing any of the other questions, we simply hold in this case that the verdict was just and right, and, if anything, for a less amount than it should have been, and we hold that the charge of the court not only upon the point that was excepted to, but the action of the court in refusing to give the charges that were requested by the defendant below, the plaintiff in error here, was correct.

The judment of the court of common pleas is therefore affirmed, but without penalty.

*W. H. A. Read,* for Plaintiff in Error.

*A. Farquharson,* for Defendant in Error.